UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRANT COOLEY,

    Plaintiff,

v.                                            Case No: 8:24-cv-1794-KKM-NHA

SCHWARTZ, SCHWARTZ,
& ASSOCIATES, INC.,

    Defendant.
_____

## ORDER

Grant Cooley moves the Court for relief from the judgment (Doc. 15) dismissing his case without prejudice. (Doc. 19.) His case was dismissed because he failed to file a Case Management Report even after he was sua sponte granted an extension of time. (Docs. 13, 14.) The defendant, Schwartz, Schwartz, & Associates, Inc., opposes the motion. For the reasons below, the motion is denied.

Federal Rule of Civil Procedure 60(b)(1) provides that "a court may relieve a party or its legal representative from a final judgment" for "excusable neglect." In determining whether neglect is "excusable," a court must consider all relevant factors, including "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the

reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849–50 (11th Cir. 1996).

Before *Pioneer*, the Eleventh Circuit had a strong presumption that attorney negligence, by itself, was never excusable. *See Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation."); *accord Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."); *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala.*, 920 F.2d 788, 792 (11th Cir. 1991) ("[A]ttorney negligence or oversight is rarely grounds for relief [under Rule 60(b)]."). In the light of *Pioneer*, that presumption is significantly weakened. *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) ("To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with *Pioneer*, they are no longer controlling precedent."); *see also Skinner v. Legal Advoc. Ctr. of Cent. Fla., Inc.*, No. 6:11-CV-1760-ORL-37, 2012 WL 2814348, at *4 (M.D. Fla. July 10, 2012). Nevertheless, a party's reasons for failing to comply with a deadline are an important consideration.

In that regard, Cooley's motion is sorely lacking. His argument for relief reads in whole:

> This Motion is based on two historical storms hitting the area and the Plaintiff's counsel not having time to schedule a meeting with the Defendant's counsel regarding the Uniform Case Management Report, as a result of the storms.

(Doc. 19) at 1. In short, Cooley says that the two hurricanes the Middle District experienced—hurricanes Helene and Milton—prevented him from conferring with opposing counsel.

That explanation does not hold water. The defendant answered on September 4, 2024, over three weeks before Hurricane Helene made landfall on September 26, 2024, in north Florida. Then, almost two more weeks passed before Hurricane Milton made landfall in Siesta Key. Five days after Hurricane Milton's landfall, on October 14, 2024, the parties were supposed to file their Case Management Report. *See* (Doc. 4.) The defendant represents that Cooley's counsel reached out to its counsel that day and asked if the defendant would be opposed to a motion for an extension of time to file the Case Management Report. (Doc. 20) at 3. The defendant's counsel told Cooley's counsel that the defendant was not opposed. *Id.* But Cooley did not file the motion. Two days later, after the deadline had passed, I sua sponte extended the deadline to October 22, 2024. (Doc. 13.) Cooley failed to respond. Yet the same day judgment was entered for failure to

3

prosecute, *see* Local Rule 3.10, he filed his first 60(b) motion seeking relief, which was denied without prejudice for failure to comply with Local Rule 3.01(g), (Docs. 17, 18).

Considering all four *Pioneer* factors, relief is not warranted. True, only one factor weighs against Cooley—the reason, or lack thereof, for the delay. *Pioneer Inv. Servs.*, 507 U.S. at 395. But that factor weighs overwhelmingly against him. Cooley has shown no reason for his failure to comply with the deadline imposed by the Civil Case Order, even after getting a sua sponte extension. In the light of the defendant's outline of events, hurricanes Helene and Milton do not provide a sufficient explanation. Cooley had multiple multi-week periods in which he could have conferred with the defendant and even had the defendant's consent to seek an extension of time. Given the lack of argument by either party as to the other three factors, that factor is controlling here. *See Feeney v. AT & E, Inc.*, 472 F.3d 560, 563–64 (8th Cir. 2006) (affirming the denial of a motion for relief under Rule 60(b)(1) based solely on the reason for delay); *Dolphin Plumbing Co. of Fla. v. Fin. Corp. of N. Am.*, 508 F.2d 1326, 1328 (5th Cir. 1975) (per curiam) (refusing to set aside a default under Rule 60(b) where there was "no explanation whatever for FINCO's failing to comply with the court's order").

Because Cooley has not persuasively explained why he is not at fault, relief is also unavailable under Rule 60(b)(6). *See Pioneer Inv. Servs.*, 507 U.S. at 393 ("To justify relief

4

under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

Accordingly, Cooley's motion to set aside the judgment (Doc. 19) is **DENIED.** This case remains dismissed without prejudice.

**ORDERED** in Tampa, Florida, on November 19, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge